### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL BARNES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESOURCES FOR HUMAN DEVELOPMENT, INC.,<br>4700 Wissahickon Avenue, Ste. 126<br>Philadelphia, PA 19144<br><br>Defendant. | Case No.: |

## CLASS ACTION COMPLAINT

Plaintiff Michael Barnes ("Plaintiff"), by and through his undersigned counsel, brings this wage and hour action against his employer, Defendant Resources for Human Development, Inc. ("RHD"), on behalf of himself and other current and former employees who are similarly situated, and allege as follows:

## NATURE OF THE ACTION

1. This case arises out of RHD's failure to properly pay wages for all hours worked by its employees in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Pennsylvania's Minimum Wage Act ("PMWA"); 43 Pa.Stat.Ann. 333.101 *et seq.* with Plaintiff and members of the class.

2. RHD is a non-profit company that provides in-house healthcare providers ("Providers") for patients in need of full-time care.

3. RHD enters into contracts with Providers to offer their services to patients in need of full-time care in their home.

1

4. Patients' contract with RHD to provide care at their homes 24 hours a day, 7 days a week.

5. RHD provides Providers to patients who contract with them for full-time care. The patient pays RHD for these services.

6. The Provider is responsible to the patient for providing medication, caring for the patient, helping to clean the house, driving the patient around, and providing companionship to all patients.

7. RHD is the employer for these Providers.

8. RHD pays Providers to provide care to the patients.

9. RHD has control of the hours, schedules, discipline, and pay of all of the Providers it employs to care for patients.

10. The Providers are required to be in the patient's home until the next Provider arrives.

11. For example, a Provider may be scheduled to work from 6:00 AM through 11:00 PM. However, from 11:00 PM to 6:00 AM the Provider is required to stay at the patient's home until the next Provider arrives at 6:00 AM. However, from 11:00 p.m. to 6:00 a.m. the Provider is not paid pursuant to Defendant's agreement with Providers.

12. During the time in which the Provider is at the home and not being paid, that Provider is still responsible for the patient, required to care for the patient and is not entitled to leave the home without another Provider checked in to care for the patient.

13. The Providers at all times are responsible for the patient and are not entitled to leave the home without another Provider present.

14. Providers periodically are not able to sleep for more than four hours because of caring for the patient. For example, Mr. Barnes must help the patient in the bathroom during nighttime hours. Mr. Barnes frequently must clean the bathroom for accidents.

15. Under the FLSA and the Pennsylvania law, RHD is required to pay for the hours worked. 29 CFR § 552.109.

16. Pursuant to 21 CFR § 785.22, an agreement may be made to deduct sleep time from hours, only when it is mutually agreed upon by the employee and employer. In order for an agreement to be enforceable: (1) the employer must furnish an adequate sleeping facility, and (2) the employee must usually be able to enjoy an uninterrupted night's sleep. *Id.* Any interruptions to the sleep interval must be compensated, and, if an "employee cannot get at least 5 hours sleep time during the scheduled period the entire time is working [compensable] time." *Id.*

17. Accordingly, RHD is liable for its failure to pay Plaintiff and members of the putative class for all hours worked at time and a half for hours worked in excess of 40 hours a week.

18. It is upon information and belief that RHD does not pay its employees for 7 hours worked in a 24-hour shift.

19. It is upon information and belief that Plaintiff and members of the Class do not sleep five hours a day frequently, prohibiting deduction of sleep time.

20. It is upon information and belief that RHD does not allow for time to be documented by Providers during sleep time deductions.

21. It is upon information and belief that Defendant has provided an application on Providers' phones since December, 2022 which does not allow Providers to input work done on time deducted for sleep time.

22. The application is onerous, it is too difficult to properly document hours.

## **JURISDICTION AND VENUE**

23. Plaintiff brings this action under Pennsylvania law and the FLSA for overtime hours worked and uncompensated hours worked for the Defendant.

24. This Court has subject-matter jurisdiction over Plaintiff's claims since Plaintiff is bringing a claim under the FLSA pursuant to 28 U.S.C. 201 *et seq.*

25. This Court has supplemental jurisdiction of Plaintiff's state law claims. The state and federal claims arise out of the same nucleus of facts.

26. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1). Defendant is incorporated, headquartered, and a citizen of the Commonwealth of Pennsylvania.

## **PARTIES**

27. Plaintiff Michael Barnes is a Provider and is a citizen of Pennsylvania, residing in Philadelphia County, Pennsylvania.

28. Plaintiff brings this action on behalf of himself and all other similarly situated employees pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure as a representative of the proposed class action of similarly situated employees.

29. Plaintiff also brings this action pursuant to the FLSA as a collective action on behalf of all similarly situated employees.

30. At all relevant times, Defendant RHD is a citizen of Pennsylvania where it is incorporated and has its principal place of business at 4700 Wissahickon Avenue, Suite 126, Philadelphia, Pennsylvania 19144.

31. At all times, Defendant contracted with Providers across the country to provide their services to patients in need of full-time care.

**FACTS**

32.     RHD contracts with Providers across the country to provide full-time care to patients in need.

33.     To gain employment with the Defendant, a Provider must sign a contract to work on behalf of RHD and to provide services to patients who contract with RHD for services.

34.     If a Provider meets RHD's credentials and requirements, RHD provides that Provider to patients who have contracted with RHD.

35.     Typically, RHD provides a Provider a schedule to provide care to patients. This schedule typically involves a 24-hour shift for 3 or 4 days a week but during that 24-hour shift, the Provider is only paid for 17 hours. The other 6 hours the Provider is not paid for time spent at the patient's home either sleeping or waiting for the next Provider.

36.     Approximately 2½ years ago, Michael Barnes signed a contract with RHD to provide home health aides to patients contracted by RHD.  Mr. Barnes agreed that RHD may deduct sleep time for his hours in shifts over 24 hours.  However, Mr. Barnes frequently did not receive four hours of sleep while caring for a patient.  RHD does not provide Mr. Barnes adequate means to document his time worked on his time records.  Mr. Barnes is frequently awoken at night to care for the patients.

37.     RHD provided Mr. Barnes a shift of 17 hours a day for 3 or 4 days a week.  The 17-hour shifts ran from 6:00 AM to 11:00 PM.  However, Mr. Barnes was then required to stay with the patient until 6:00 AM when the next Provider would arrive.  Thus, Mr. Barnes worked an additional 6 hours a day for which he was not paid.  Mr. Barnes would typically work 90 hours a week. However, he only would be paid for 70 hours.

38.     RHD did not properly maintain Plaintiff and class members' hours by:

5

    a.    Automatically deducting seven hour "sleep deductions" from all hourly employees' timecards, regardless of whether the employee performed compensable work during his/her sleep time;

    b.    Improperly shifting the burden of monitoring "compensable work time" to employees by requiring employees to individually alert HCR management when the employee did not receive uninterrupted sleep;

    c.    Failing to train hourly employees or their managers on what constitutes an "uninterrupted sleep break" under the FLSA; and,

    d.    Failing to instruct or require managers to monitor if hourly employees were unable to take an uninterrupted sleep during the evenings.

39. Mr. Barnes' hourly rate is $17.50 an hour, and he is entitled to receive overtime at a rate of time and a half. As a result of Defendant's failure to pay Mr. Barnes for all hours worked, including overtime, it violated the FLSA and Pennsylvania's Minimum Wage Act. Mr. Barnes did not receive overtime as required by the FLSA and Pennsylvania's Minimum Wage Law.

## **RULE 23(b)(3) CLASS ACTION**

40. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, named Plaintiff Michael Barnes brings his claim for relief to redress and remedy Defendant's violations of the FLSA and Pennsylvania Minimum Wage Law on behalf of the following Class:

> All Providers of the Defendant who were contracted to provide services for Defendant but were not reimbursed for overtime and regular pay during their shift.

41. The proposed class is easily ascertainable. The number and identity of the class members are determinable from Defendant's records.

42. Numerosity: The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class comprises of at least several thousand persons.

43. Commonality: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the class in that Plaintiff and all members of the proposed class have been harmed by Defendant's failure to compensate current and/or former health care Providers for all hours worked and time and a half for hours promised in its contract. The common questions of law and fact include, but are not limited to, the following:

   a. Whether Defendant refused to pay Plaintiff and members of the proposed class wages in violation of state and federal law;

   b. Whether Plaintiff and members of the class are entitled to overtime wages;

   c. Whether Defendant provides a meaningful way to document hours worked;

   d. Whether Defendant insured Plaintiff and the class were paid for their hours;

   e. Whether Plaintiff was properly trained on proper sleeping hours deductions; and,

   f. Whether Defendant properly documented sleeping hours.

44. Typicality: The claims of Plaintiff herein are typical of those claims which could be alleged by any member of the class, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions. All class members were subject to the same compensation practices of Defendant, as alleged herein, of not paying hours entitled under federal and state law. Defendant's compensation policies and practices affected all class members

similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

45. Adequacy of Representation: Plaintiff is able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff has retained counsel who are experienced and competent in both wage and hour law and complex class action litigation.

46. Predominance and Superiority: The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expense and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

47. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual

members of the class, establishing incompatible standards of conduct for Defendant, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

48. Pursuit of this action a class action will provide the most efficient mechanism for adjudicating the claims of Plaintiff and members of the proposed class.

## FLSA COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff brings the First Cause of Action, 29 U.S.C. § 216(b), on behalf of himself and the following collective:

> All Providers of the Defendant who were contracted to provide care for patients but were not paid for all hours worked.

50. At all relevant times, Plaintiff and the members of the putative Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

51. Defendant is an employer of Plaintiff and the members of the putative Collective and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

52. At all relevant times, Plaintiff and the members of the putative Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

53. Defendant has failed to pay Plaintiff and the members of the putative Collective overtime compensation to which they are entitled under the FLSA.

54. Defendant has failed to keep accurate records of time worked by Plaintiff and the members of the putative Collective.

55. Defendant is liable under the FLSA for, among other things, failing to properly compensate Plaintiff and the members of the putative Collective.

56. Consistent with Defendant's policy and pattern or practice, Plaintiff and the members of the putative Collective were not paid overtime compensation when they worked beyond forty (40) hours in a workweek.

57. All of the work that Plaintiff and the members of the putative Collective performed has been assigned by Defendant and/or Defendant has been aware of such work.

58. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of the putative Collective. This policy and pattern or practice includes, but is not limited to:

   a. willfully failing to pay Plaintiff and the members of the putative Collective premium overtime wages for hours that they worked in excess of forty (40) hours per workweek;

   b. willfully not paying Plaintiff and the members of the putative Collective for travel time; and,

   c. willfully failing to record all of the time that its employees, including Plaintiff and the members of the putative Collective, worked for the benefit of Defendant.

59. Defendant is aware, or should have been aware, that federal law required it to pay Plaintiff and the members of the putative Collective overtime compensation for all hours worked in excess of forty (40) in a workweek.

60. Plaintiff and the members of the putative Collective perform or performed the same primary duties.

61. Defendant's unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act: Unpaid Overtime Wages and Minimum Wage**

62. Plaintiff realleges and incorporate by reference the above allegations.

63. Defendant has engaged in a widespread policy, pattern, or practice of violating the FLSA in regard to Plaintiff and the members of the putative Collective, as detailed in this Collective Action Complaint.

64. Defendant contracted with each Provider relevant locations to provide their services but did not pay each Provider to which they were contracting to provide services to and from each patient.

65. Defendant failed to pay these Providers for their hours worked in violation of the FLSA.

66. Defendant's policy and pattern or practice includes, but is not limited to:

   a. Willfully failing to pay Plaintiff and members of the Collective action for hours worked in excess of 40 hours; and,

   b. Further evidence of its willful and reckless failure to provide Plaintiff wages for hours worked did not comply with the FLSA.

67. Defendant is liable under the FLSA for its failure to properly compensate Plaintiff and members of the Collective action for all hours worked.

## SECOND CAUSE OF ACTION
### Pennsylvania Minimum Wage Act: Unpaid Overtime Wages

68. Plaintiff realleges all allegations and incorporates by reference herein.

69. At times relevant to this action, Plaintiffs were employees and RHD has been an employer within the meaning of the Pennsylvania Minimum Wage Act, 43 Pa. Stat. Ann. § 333.103.

70. RHD has failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the law.

71.     By RHD's failure to pay Plaintiff and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the state wage laws and the supporting regulations.

72.     Due to RHD's violations of the state minimum wage act, Plaintiff and the Rule 23 Class Members are entitled to recover from RHD their unpaid overtime wages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest, as well as liquidated damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff and all those similarly situated request that this Honorable Court:

   a. Issue an Order certifying a class of employees pursuant to Rule 23 and designate Plaintiff as representative on behalf of all employees who Defendant contracted with and who Defendant did not pay hours;

   b. Issue an Order appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

   c. Award Plaintiff and all those similarly situated pre and post judgment interest at the statutory rate as provided under state law;

   d. Award Plaintiff and all those similarly situated, attorneys fees, costs, and disbursements pursuant to state law;

   e. Award Plaintiff and all those similarly situated, further legal and equitable relief that this Court deems appropriate;

   f. Designate this action as an FLSA Collective Action on behalf of Plaintiff and members of the putative collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the collective action apprising them of the pendency of this action permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to 29 U.S.C. § 216(b) tolling the statute of limitations;

g. Award unpaid wages which constitutes minimum wage and overtime compensation for all work in excess of 40 hours in a work week;

h. Award liquidated damages under the FLSA as a result of Defendant's willful failure to pay for all hours worked in a workweek at a rate of time and half of the regular pay rate;

i. Award damages representing Defendant's share of state unemployment, insurance, and other required employment taxes;

j. Award of service payment to Plaintiff;

k. Award of pre and post judgment payment and interests;

l. Award of costs and expenses in this action including reasonable attorney's fees and expert fees to Plaintiff's counsel pursuant to the FLSA;

m. An injunction requiring Defendant to cease its practice of violating the FLSA;

n. Issuance of a declaratory judgment the Defendant's actions in this collective action are unlawful and willful under the FLSA.

Dated: February 21, 2024                    Respectfully submitted,

*/s/ Daniel C. Levin*
Daniel C. Levin
Nicholas J. Elia
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500
mweinkowitz@lfsblaw.com
dlevin@lfsblaw.com
nelia@lfsblaw.com

D. Aaron Rihn
**ROBERT PEIRCE & ASSOCIATES**
707 Grant Street, Suite 125
Pittsburgh, PA 15219
Tel: (844) 383-0565
arihn@peircelaw.com
*Counsel for Plaintiff*

13